UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Z.F. et al.,

        Plaintiff,

    v.

RIPON UNIFIED SCHOOL DISTRICT,

        Defendant.
_____/

NO. 2:11-cv-02741 KJM GGH

STATUS (PRETRIAL SCHEDULING) ORDER

An initial scheduling conference was held in this case on March 15, 2012; George Crook and Bryan Winn appeared for plaintiff; Marcella Gutierrez and Ileana Butu appeared for defendant. Having reviewed the parties' Joint Status Report filed, and having discussed a schedule for the case with counsel at the hearing, the court makes the following orders:

I.    <u>SERVICE OF PROCESS</u>

All named defendants have been served and no further service is permitted without leave of court, good cause having been shown.

II.    <u>ADDITIONAL PARTIES/AMENDMENTS/PLEADINGS</u>

No further joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown. *See* FED. R. CIV. P. 16(b); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

\\\\\

\\\\\

III. JURISDICTION/VENUE

Jurisdiction is predicated upon 20 U.S.C. §1415(i)(2), (3). Jurisdiction and venue are not disputed.

IV. DISCOVERY

Because this action under the IDEA proceeds primarily as a review upon an administrative record, the parties agreed, and the undersigned concurs ,that no initial disclosures as required by Federal Rule of Civil Procedure 26(a) are necessary. See Fed.R.Civ.P. Rule 26(a)(1)(B)(i).

Discovery in this case is limited. Plaintiff plans very limited paper discovery concerning events transpiring during the administrative proceedings; defendant does not contemplate discovery. All discovery shall be completed by **June 29, 2012**. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed. All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court.

V. DISCLOSURE OF EXPERT WITNESSES

The parties will not be presenting expert witnesses.

VI. MOTION HEARING SCHEDULE

Although the parties dispute the correct statement of the one issue involved, only one issue is involved. Plaintiff asserts that the "District had predetermined the subject IEP by determining in advance not to extend the contract of a nonpublic agency that was providing aide services to plaintiff's son." "Defendant asserts that the issue is whether the District predetermined a change in the nonpublic agency ('NPA') providing behavior intervention services to Student." Joint Status Report at 3.

As this case primarily involves review upon an administrative record, in all probability, the case will be resolved on cross-motions for summary judgment. The filing of these motions is a requirement in this case. Moreover, as is the case in cross-motions for summary judgment in

1   Social Security cases, the parties need not file the ordinary undisputed and disputed facts
2   statements.  Plaintiff shall lodge the administrative record with the filing of plaintiff's motion for
3   summary judgment.
4         Plaintiff shall file plaintiff's motion for summary judgment first.  Defendant shall timely
5   oppose and concurrently file its cross-motion for summary judgment.  Plaintiff may then reply.
6   No further briefing is authorized.
7         All dispositive motions, including the above referenced cross-motions for summary
8   judgment, except motions for continuances, temporary restraining orders or other emergency
9   applications, shall be heard <u>no later than</u> **August 24, 2012**.  The parties may obtain available
10  hearing dates by calling Casey Schultz, the Courtroom Deputy, at (916) 930-4193.
11        All purely legal issues are to be resolved by timely pretrial motions.  Local Rule 230
12  governs the calendaring and procedures of civil motions with the following additions:
13        (a)   The opposition and reply must be filed by 4:00 p.m. on the day due; and
14        (b)   When the last day for filing an opposition brief falls on a legal holiday, the
15              opposition brief shall be filed on the last court day immediately preceding
16              the legal holiday.
17  Failure to comply with Local Rule 230(c), as modified by this order, may be deemed consent to
18  the motion and the court may dispose of the motion summarily.  *Brydges v. Lewis*, 18 F.3d 651,
19  652-53 (9th Cir. 1994).
20        The court places a page limit of twenty (20) pages on all moving papers, twenty (20)
21  pages on oppositions, and ten (10) pages for replies.  All requests for page limit increases must
22  be made through the courtroom deputy clerk at least fourteen (14) days prior to the filing of the
23  motion.
24        If this matter makes its way to trial, the parties are reminded that a motion *in limine* is a
25  pretrial procedural device designed to address the admissibility of evidence.  The court will look
26  with disfavor upon dispositional motions presented at the Final Pretrial Conference or at trial in
27  the guise of motions *in limine*.
28  \\\\\

<u>The parties are cautioned that failure to raise a dispositive legal issue that could have been tendered to the court by proper pretrial motion prior to the dispositive motion cut-off date may constitute waiver of such issue.</u>

VII.   FINAL PRETRIAL CONFERENCE

Because the filing of dispositive motions is mandatory in this case, and because the case will in all probability be resolved by a ruling on the cross- motions for summary judgment, no final pretrial conference will be set at this time.

VIII.   TRIAL SETTING

Not applicable.

IX.   SETTLEMENT CONFERENCE

The parties have participated in an administrative hearing which came to decision, and have otherwise exhausted settlement discussions.  No settlement conference will be set at this time.

X.   MODIFICATION OF STATUS (PRETRIAL SCHEDULING) ORDER

The parties are reminded that pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

XI.   OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further order of the court unless objections are filed within fourteen (14) *calendar* days of service of this Order.

IT IS SO ORDERED.

DATED: March 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE