IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Z.F., by and through his Guardian Ad Litem MARY ANN FIEDLER; and MARY ANN FEIDLER,

    Plaintiffs,

vs.

RIPON UNIFIED SCHOOL DISTRICT,

    Defendant.

_____/

No. CIV S-11-2741 KJM-GGH

<u>ORDER</u>

        This matter is before the court on plaintiffs' request to seal the administrative record of Ripon Unified School District v. Z.F., et al., number 2011030842, convened from May 17-19, because they reference the name of a minor child.  (Request to Seal connected to ECF 11.)  This request is connected to plaintiffs' motion for summary judgment.  (ECF 12.)  For the following reasons, this request is denied.

        There is a presumption in favor of public access to court records.  *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  However, "access to judicial records is not absolute."  *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  "[I]f the court decides to seal certain judicial records [in connection with a dispositive motion and after conscientiously balancing the competing interests of the public and the party who seeks

1

to keep certain judicial records secret], it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Id.* at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 589 (1978)).

Plaintiffs have failed to show compelling reasons for sealing the above-referenced administrative record.  Indeed, Local Rule 140(a)(i) specifically provides that in circumstances such as these the minor's name shall be redacted.  Accordingly, plaintiffs shall file the administrative record on the public docket with the minor's name replaced with the minor's initials and any other identifying information specified in Local Rule 140(a) redacted.

The Clerk of the Court is directed to file Plaintiff's Request to Seal Documents dated July 24, 2012, on the public docket.

IT IS SO ORDERED.

DATED: August 7, 2012.

_____
UNITED STATES DISTRICT JUDGE