IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Z.F. ET AL.,

        Plaintiff,                           No. 2:11-CV-02741-KJM-GGH

    vs.

RIPON UNIFIED SCHOOL DISTRICT,

        Defendant.                       <u>ORDER</u>

_____/

        The parties' cross-motions for summary judgment are pending before this court. (ECF 12, 15.) The court hereby directs counsel to be prepared to address the following questions during oral argument on the cross-motions to be held on October 19, 2012 at 1:30 p.m.

    A.    For Plaintiffs

        1.    The administrative record shows that Plaintiffs filed a Request for Due Process and Mediation on August 11, 2010. What was the outcome?

        2.    The record suggests that Learning Solutions is qualified equally as Genesis. If so, why is Z.F. now being homeschooled, assuming Z.F. is?

        3.    What kind of transition from Genesis to Learning Solutions do Plaintiffs believe was required?

/////

1

4. Not every IDEA procedural violation denies a student a FAPE. What is it about the District's actions in this case that are so egregious as to have denied Z.F. a FAPE?

5. How is it that denying parental input on this NPA transition is a *per se* violation of IDEA procedures? Need school districts solicit parental input on every detail of a student's IEP, including who takes notes during IEP meetings? Is there not some higher threshold for the importance of an IEP element for which parents are entitled to provide input?

6. Plaintiffs learned by letter on January 19, 2011 that the District was replacing Genesis. *See* AR Vol. 5 at 1355. The record contains several emails between Z.F.'s mother and others regarding this change and the transition between NPAs. Why does this correspondence not reflect sufficient opportunity for parental input?

B. For Defendant

1. When a district changes NPAs, how much time is allowed for a child to transition to the new NPA? Is there a general practice in this regard?

2. Why did Defendant not involve Z.F.'s IEP committee in fashioning a transition plan before finalizing the termination of the Genesis contract?

3. Is it Defendant's position that replacing one NPA with another to provide behavior intervention services is not part of a student's IEP? Is a district's choice of NPA not an "educational placement" under the IDEA?

4. How many children within the District did Genesis work with?

5. Could the District have worked with Genesis after the contract termination negotiations had been completed to accommodate a longer transition period for Z.F.?

/////

6. Why precisely are the District's actions not so egregious as to rise to the level of denying Z.F. a FAPE?

IT IS SO ORDERED.

DATED: October 18, 2012.

_____
UNITED STATES DISTRICT JUDGE